UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATONYA HARRIS-ONEIL, on behalf of herself and all others similarly situated,<br><br>PLAINTIFF,<br><br>v.<br><br>FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.,<br><br>DEFENDANT. | Civil Action No. 19-cv-00240<br><br><u>Jury Demanded</u> |

# CLASS COMPLAINT

Plaintiff, Latonya Harris-Oneil, on behalf of herself and all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with attempt to collect an alleged debt from Plaintiff. *Bellwood v. Dwivedi*, 895 F.2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create

new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]")

## PARTIES

5. Plaintiff, Latonya Harris-Oneil ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Comcast Cable account. Plaintiff is thus a consumer as that term is defined at 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant Financial Business and Consumer Services, Inc. ("FBCS") is a Pennsylvania corporation that transacts business in the state of Illinois, with its registered agent located at Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, Illinois 62703. (Exhibit A, Record from Illinois Secretary of State).

7. FBCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. FBCS holds a collection agency license from the State of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

9. FBCS regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

10. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Comcast Cable account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

11. Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

12. FBCS subsequently began collecting the alleged debt.

13. FBCS contacted Plaintiff at her home and entered into a payment arrangement with her on the alleged debt, even though the debt was disputed.

14. On or about April 11, 2018, FBCS mailed Plaintiff a collection letter ("Letter"). (Exhibit C, Collection Letter).

15. The Letter conveyed information about the alleged debt, including an account number, the identity of the creditor, and an amount due.

16. Thus, the Letter was a communication as that term is defined at §1692a(2) of the FDCPA.

17. Exhibit C is a form letter.

18. The Letter contains electronic payment authorization instructions, including information about Plaintiff's bank account, the amount of payments, and information regarding Plaintiff's right to revoke or modify the arrangement.

19. FBCS requires the consumer to provide a bank account in order to authorize electronic payments.

20. FBCS obtains advanced authorization to process electronic transfers from bank accounts.

21. FBCS withdraws the payments from the consumer's bank account over time.

22. Thus, FBCS's electronic payment authorization is a preauthorized electronic transfer as defined by Regulation E of the Electronic Funds Transfer Act.

23. FBCS's letter further states:

> If you have any questions or need to revoke or modify this arrangement, please contact consumer relations at 1-877-540-9950 and an associate will assist you.

(Exhibit C, Letter)

24. In fact, Plaintiff is not required to contact FBCS in order to revoke her electronic transfer authorization.

25. Further, Plaintiff is not required to cancel a payment arrangement by phone.

26. Regulation E applies to Plaintiff's bank account, as it applies to all consumer bank accounts.

27. Regulation E provides important consumer rights with respect to preauthorized transfers.

28. 12 CFR 205.10(c)(1), states in relevant part:

> **Preauthorized transfers**
>
> **(c) Consumer's right to stop payment**
>
> **(1) Notice. A consumer may stop payment of a preauthorized electronic fund transfer from the consumer's account by notifying the financial institution orally or in writing at least three business days before the scheduled date of the transfer. . . .**

29. Plaintiff can cancel an Electronic Payment Authorization orally, or in writing.

30. Plaintiff can also cancel such authorization with her own financial institution and does not even need to communicate with Defendant to cancel its Electronic Payment Authorization.

31. Defendant is in effect making the consumer call in, and speak to a debt collector, before allowing her to cancel an authorized payment, providing the debt collector one more attempt to collect the alleged debt prior to cancellation of a payment plan.

32. Defendant's practice, as communicated by it to consumers, has the effect of discouraging consumers from ever cancelling a payment authorization.

33. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

34. FBCS made a materially false statement, in violation of 15 U.S.C. §§ 1692e and 1692e(10) when it misstated Plaintiff's right to cancel an Electronic Payment Authorization with her own financial institution, or in writing.

35. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

36. FBCS used unfair means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f, when it stated that Plaintiff may contact them by phone in order to cancel an electronic payment from her bank account but failed to also inform her she may contact her own financial institution.

37. An unsophisticated debtor—who would be unaware that Regulation E permits her to cancel the payments by contacting her own bank—could conclude that the sole means of cancellation listed in the letter (calling FBCS) is the only one available. *Williams v. NCB Mgmt.*

*Servs., Inc.*, No. 17 C 6756, 2018 WL 3244097, at *2 (N.D. Ill. July 3, 2018); *Koval v. Harris & Harris, Ltd.*, 2017 WL 1321152, at *3 (N.D. Ill. Apr. 5, 2017).

38. FBCS could have advised Plaintiff that Federal law gives her the right to stop payments by contacting the financial institution that holds her account in order to avoid providing inconsistent and false information. *See* Exhibit D, example letter from another debt collector with a similar payment arrangement with Plaintiff.

39. Violations of the FDCPA which would influence a consumer's decision to pay a debt in response to a dunning letter, are material. *See Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (citing *Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 628 (7th Cir. 2009)). Here, Defendant's false statement that Plaintiff must contact them directly to cancel her payment, instead of contacting her own financial institution, would discourage a consumer from cancelling a payment so as to avoid communication with a debt collector, many of whom use aggressive techniques to collect a debt and may resist allowing a consumer to cancel a payment plan.

40. Defendant's requirement that a consumer speak with a collection agent prior to cancelling an electronic payment causes negative emotions of frustration, annoyance, agitation, and other garden variety emotional distress.

41. Defendant's requirement that a consumer speak with a collection agent prior to cancelling an electronic payment causes negative emotions of frustration, annoyance, agitation, and other garden variety emotional distress.

42. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

43. Plaintiff, Latonya Harris-Oneil, brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect a debt (3) using a letter substantially similar to that attached as Exhibit C to Plaintiff's Complaint (5) which provided instructions on changing or cancelling an authorized payment plan (6) and did not include the right to contact the consumer's own financial institution (6) sent between one year prior to the filing of this complaint to 20 days after.

44. Defendant regularly engages in debt collection, including attempting to collect debt via the mails, in its regular course of business.

45. As the Letter was a form letter, the Class likely consists of more than 40 persons from whom Defendant attempted to collect a debt using the Form Letter attached as Exhibit C.

46. Plaintiff Harris-Oneil's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

47. The prosecution of separate actions by individual members of the Class would create a risk inconsistent or varying adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

48. Plaintiff Harris-Oneil will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and

the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Harris-Oneil has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

49. Plaintiff re-alleges above paragraphs as set forth fully in this count.

50. FBCS made a materially false statement, in violation of 15 U.S.C. §§ 1692e and 1692e(10) when it misstated Plaintiff's right to cancel an Electronic Payment Authorization with her own financial institution, or in writing.

51. FBCS used unfair means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f, when it stated that Plaintiff may contact them by phone in order to cancel an electronic payment from her bank account but failed to also inform her she may contact her own financial institution.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class, and the class and against Defendant as follows:

    A.    Statutory damages for the class, pursuant to 15 U.S.C. §1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael J. Wood  
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
celethachatman@communitylawyersgroup.com